UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLEN BERNARD REESE, II,**

Petitioner,

vs.  Case No. 8:07-CV-82-T-27TGW
Crim. Case No. 8:05-CR-466-T-27TGW

**UNITED STATES OF AMERICA,**

Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1), the Government's Response in opposition (CV Dkt. 9) and Petitioner's Reply (CV Dkt. 10). After consideration and a review of Petitioner's supporting memorandum of law and the record, this Court finds that the motion to vacate should be DENIED.

Petitioner was charged in a one count Indictment with possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (CR Dkt. 1). An arrest warrant was issued and Petitioner was arrested. (CR Dkt. 2). Petitioner pleaded guilty as charged, without a plea agreement. (CR Dkts. 25, 26). On May 1, 2006, Petitioner was sentenced to 120 months imprisonment, to be followed by five years of supervised release (CR Dkts. 28, 29). He did not appeal. On January 16, 2007, the instant § 2255 motion to vacate was filed.

In his motion, Petitioner raises two grounds. In Ground One, Petitioner contends that the prosecutors violated Rules 3, 4(a)(c)(1) and 41(c)(2), and the Fourth Amendment. Petitioner argues that the district court was without subject matter jurisdiction. The Government correctly argues that

Ground One is procedurally defaulted. A claim that was previously available but which was not raised before the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001). To show cause for not raising a claim, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n. 20 (11th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Petitioner makes no showing of cause and prejudice. He does not claim that he is actually innocent or that he would not have entered his guilty plea but for counsel's failure to challenge the Indictment and Petitioner's arrest. He does not claim that he directed his attorney to appeal. Moreover, he has not demonstrated that the outcome of the case would have been different if these claims had been raised. These claims are facially without merit, as will be discussed. Counsel's failure to raise them could not, therefore, have been deficient performance constituting cause for Petitioner's procedural default. *See Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989).[1]

Even in the absence of a procedural default, Ground One is due to be dismissed on the merits. Petitioner was indicted, not charged by complaint. Accordingly, Rules 3 and 4, Fed. R. Crim. P. did not apply. (CR Dkt. 1). The Indictment in this case conclusively determined the existence of probable cause and required the issuance of an arrest warrant without further inquiry. *Gerstein v. Pugh*, 420 U.S. 103, 118 (1975); *Garmon v. Lumpkin County, Ga.*, 878 F.2d 1406, 1409 (11th Cir.

---

[1] To the extent a claim of ineffective assistance is included in Ground One, whether as cause for Petitioner's failure to raise these issues before the district court, or as a substantive claim, that claim is without merit, as will be discussed. Petitioner's attorney could not have been ineffective in failing to pursue Petitioner's contention that Rules 3, 4 and 41, Fed. R. Crim. P. were violated because an attorney is not ineffective in failing to pursue meritless claims. *Ladd v. Jones*, supra; *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Chandler v. Moore*, 240 F.3d 907, 917-18 (2001) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)).

1989). The district court had subject matter jurisdiction. There were no violations of the Federal Rules of Criminal Procedure. The arrest warrant was properly issued pursuant to Rule 9, Fed. R. Crim. P. Petitioner's arguments in support of Ground One are without merit

In Ground Two, Petitioner contends that his attorney was ineffective in failing to file a suppression motion "based on the federal government attorneys did not have subject-matter jurisdiction to try the case without a complaint and affidavit, and/or no objections filed pertaining to the Fourth Amendment violation that there is no valid warrant signed by a magistrate" (CV Dkt. 2, p. 7). This claim is likewise without merit and due to be dismissed.

As noted, Petitioner was arrested after having been indicted. There was no requirement under those circumstances that a complaint and supporting affidavit be filed, or that a warrant pursuant to Rule 41 be issued. Petitioner's argument demonstrates a misunderstanding of the procedural and constitutional requirements of his prosecution. As discussed, Petitioner's contentions are without merit and therefore his attorney was not ineffective in failing to raise them. Counsel cannot be faulted for failing to pursue non-meritorious issues. *United States v. Winfield, supra; Chandler v. Moore, supra* (counsel not ineffective for failing to raise a non-meritorious issue).

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, deficient performance and prejudice resulting therefrom. 466 U.S. 668 (1984). Petitioner must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Id.* at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. The two-pronged *Strickland* test is also applicable to ineffective assistance claims arising from the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Under *Strickland's* first prong, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994). To be entitled to collateral relief, Petitioner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 774 (1970)). For a petitioner to prevail on an ineffective assistance of counsel claim where he has entered a plea of guilty, he must show that but for trial counsel's deficient performance, *he would not have entered a plea and would have insisted on going to trial. See Hill*, 474 U.S. at 59. Petitioner has not made this showing. Relief under Ground Two is therefore DENIED.

Finally, by pleading guilty, Petitioner waived these issues. After a conviction based on a guilty plea has become final, a defendant may challenge only the knowing and voluntary nature of his plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence.[2] *See United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990); *United States v. Kaiser*, 893 F.2d 1300, 1302 (11th Cir. 1990). Petitioner makes no claim and there is no showing that his guilty plea was not a knowing and voluntary plea.

Petitioner's request for an evidentiary hearing is denied. There is no need for an evidentiary

---

[2] Petitioner does not challenge the knowing and voluntary nature of his guilty plea. Moreover, Petitioner does not contend that he would not have pleaded guilty but for counsel's actions or inactions.

hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Petitioner's claims regarding the lawfulness of his arrest and prosecution and the effectiveness of his attorney are without merit and legally insufficient. A hearing is unnecessary to evaluate them. *Ladd v. Jones*, 864 F.2d at 110.

For the foregoing reasons, this Court finds that Petitioner has failed to demonstrate that there are any flaws in his conviction or sentence that are jurisdictional in nature, constitutional in magnitude, or resulted in a miscarriage of justice.

ACCORDINGLY, it is **ORDERED**:

1. Petitioner's motion to vacate, set aside, or correct sentence (CV Dkt. 1) is DENIED.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 14th day of September, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:
Counsel/Parties of Record